Jacqueline L. CHAUVIN, Movant

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2007–SC–000399–KB.

Supreme Court of Kentucky.

Aug. 23, 2007.

## OPINION AND ORDER

Movant, Jacqueline L. Chauvin, pursuant to SCR 3.480(2), moves this Court to enter an Order suspending her license to practice law in the Commonwealth of Kentucky for sixty-one days, with thirty days to serve and thirty-one days probated for two years, subject to certain conditions. Movant was admitted to the practice of law in October of 1993. Her KBA Member Number is 85883 and her Bar Roster Address is 4023 Elmwood Ave, Louisville, Kentucky 40207. The Kentucky Bar Association (KBA) states that it has no objection to the motion. For the following reasons, the motion is granted.

The Charge brought against Movant stems from her representation of Dennis Dempsey. In 1997, Dempsey was indicted by a federal grand jury in Illinois. He was arrested in Louisville, Kentucky in early 1998. At that time, he hired Scott Cox to represent him in proceedings related to the criminal case in Louisville. To cover the cost of the representation, Dempsey had $10,000 in cash delivered to Cox by a friend named Cynthia Lega. Cox ultimately took a $4,000 fee from the cash that had been entrusted to him.

Movant's first contact with Dempsey occurred around the time that Scott Cox's representation ended. Movant had been representing Cynthia Lega, who referred Dempsey to Movant and communicated with Movant on his behalf. Movant claims she was asked to obtain and hold the remaining $6,000 in cash from Scott Cox and then to suggest the name of an attorney in Illinois to represent him in the remaining criminal proceedings. Movant collected the money and recommended an attorney from Chicago. Dempsey asked that Movant not forward the money to the recommended attorney, apparently having opted not to employ him, and that she continue holding the cash. Movant did so, keeping the cash in her office safe. Dempsey eventually entered into a plea agreement and was sentenced to twenty years in prison in 1999.

On January 4, 2002, Dempsey contacted Movant by letter asking that she represent him in a real estate dispute. She conducted some preliminary legal research on the matter and attempted to contact Dempsey's brother, who had called on behalf of Dempsey. The record contains a letter sent by Movant to Dempsey in March 2002 in which she stated, "I regret the misunderstanding which caused you to file a complaint with the Kentucky Bar Association." It is not clear from the record that a bar complaint was actually filed, or if one was, whether it was the one that eventually led to the current Charge against Movant. From the content of the letter, it appears that any complaint stemmed from Movant's lack of contact with Dempsey or his brother. The letter also indicated that Movant was willing to continue representing Dempsey in the real estate dispute. Dempsey replied with a letter of his own in which he stated, "I too regret our misunderstanding." The letter also included the following: "Shall we call the $6,000 a retainer and proceed from there?"

Movant subsequently asked Dempsey to provide documents related to the real estate matter, which he did. By late summer 2002, Movant was ready to file a civil complaint concerning the real estate. On August 12, 2002, she sent Dempsey a letter in which she outlined the nature of her proposed continuing representation, including the filing of the suit, and her fee, which was to be a flat $6,000. In the letter, she asked Dempsey to sign and return a copy to memorialize their agreement about the representation. Dempsey, however, did not respond to the letter, and Movant did no further work on the real estate matter.

In April 2003, Dempsey sent Movant a letter expressing dissatisfaction over the fact that it had been over a year since Movant had said she would proceed with the real estate matter. He also stated, "I realize it was rather naive of me to expect much from someone I had to file a complaint on just to receive a response to my letters and calls." He ended the letter by requesting the return of his $6,000 plus interest for the five years in which Movant held the money.

Movant did not respond directly to Dempsey's letter. Instead, she had her own attorney send a letter indicating that her lack of further action on the real estate matter was the result of Dempsey's failure to respond to the August 12 letter. The letter also stated that if Dempsey felt he was entitled to reimbursement of any of the $6,000, then Movant would be willing to participate in the KBA's Fee Arbitration process to resolve the matter.

This sequence of events led to the issuance of a Charge (and subsequent Amended Charge) against Movant. The Charge as amended alleged four counts of professional misconduct by Movant: (1) a violation of SCR 3.130–1.16(d) for failing to return the unearned fee to the client; (2) a violation of SCR 3.130–1.15(a) for keeping property belonging to a client in an office safe rather than a separate bank account; (3) a violation of SCR 3.130–1.15(b), also for failing to return the unearned fee to the client upon request; and (4) a violation of SCR 3.130–8.3(c) for obtaining the $6,000 in cash from Scott Cox without Dempsey's authorization.

Movant responded to the Charge and Amended Charge essentially by arguing that it did not accurately reflect the entirety of the events that transpired. She specifically objected to the fourth count, claiming that she acted with express authorization from Dempsey when she obtained the cash from Scott Cox.

The Charge was assigned to a trial commissioner, who proceeded with pre-trial matters and set trial for October 30, 2006.

It is not clear from the record whether the trial was held. However, it appears that Movant entered into, and successfully completed, negotiations with Bar Counsel to dispose of the Charge because she subsequently filed a Verified Motion for Consensual Discipline pursuant to SCR 3.480(2).

In the motion, Movant admits that her conduct concerning the cash and her representation of Dempsey constituted misconduct. Based on this admission, she admits the ethical violations described in Counts I–III in the Amended charge. However, Movant continues to deny that she acted without authorization in obtaining the cash as described in Count IV. The motion requests that Movant's license to practice law in the Commonwealth of Kentucky be suspended for sixty-one days, with thirty days to serve and thirty-one days probated for two years. The probation is conditioned upon return of the funds to Dempsey, Movant's attendance at remedial ethics education (which do not count toward her CLE requirements), and periodic reports to the KBA on Movant's progress in completing the remedial ethics education. Movant also asks that Count IV of the Amended Charge be dismissed.

The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed. . . ." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant.

Nevertheless, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* The discipline pro-

posed by Movant being adequate, the Court hereby approves it and therefore declines further review of the matter.

ACCORDINGLY, IT IS ORDERED THAT:

(1) Jacqueline L. Chauvin is hereby suspended from the practice of law in the Commonwealth of Kentucky for sixty-one days, thirty days of which is to be served and thirty-one days of which is probated for two years subject to the following conditions:

(a) Return of the $6,000.00 in client funds to Dennis Dempsey within sixty days.

(b) Completion of ten hours of remedial ethics education within the two-year probation period.

(c) The remedial ethics education requirement must be satisfied by Movant's personal attendance at live continuing legal education or adult education programs approved by the KBA Office of Bar Counsel, or such formal ethics and professional enhancement program as may be established by the Office of Bar Counsel at the KBA, if so directed by that office, and must be appropriate for the remedial education of Movant regarding her ethical obligation to clients, third parties, and the public.

(d) Movant will not apply for CLE credit of any kind for the remedial hours, even if the courses she attends are approved for CLE in Kentucky. Movant will furnish a release and waiver to the Office of Bar Counsel to review her records in the CLE department that might otherwise be confidential, with such release to continue in effect until one year after she completes her remedial education, to allow the Office of Bar Counsel to verify that she has not reported any hours to the CLE Commis-

sion that are taken as remedial education.

(e) Movant will report to the KBA every ninety days concerning her progress in satisfying her remedial ethics education obligation. In the event that Movant fails to comply with any of the terms of discipline contained herein, upon motion by the KBA Office of Bar Counsel, the Court may issue an order imposing the remainder of Movant's suspension.

(2) Count IV of the Amended Charge is dismissed.

(3) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $138.99, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. LAMBERT, C.J.; CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur.

ENTERED: August 23, 2007.

/s/ Joseph E. Lambert
    Chief Justice